NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1884.

BRAINERD V. BIRDSALL.

*In the matter of the estate of* MARCELINA V. BIRDSALL, *deceased.*

Testatrix, by her will, declared it to be her "will and desire" that her executor should, upon her decease, cause to be made an inventory of all her real and personal estate, and of all debts and outstanding liens, and then appraise the net value of the estate, which appraisement should be final and conclusive against her heirs, representatives and legatees, "and for which amount alone shall he hereafter be, in any way, liable or bound to respond."—

*Held,* that this was to be distinguished from the statutory inventory which the Surrogate may compel to be filed ; that the executor could obey or disobey, at pleasure, these instructions of the will ; and that the Surrogate ought not to enforce a compliance therewith at the instance of persons interested in the estate, except so far as related to the inventory of the personalty required by statute.

ORDER to show cause, at instance of Erastus Brainerd, a person interested in decedent's estate, why Wallace P. Birdsall, executor of her will should not file an inventory in said will provided for. The facts appear sufficiently in the opinion.

SIDNEY STUART *and* JOHN HAYES, *for applicant.*

W. T. BIRDSALL, *for executor.*

THE SURROGATE.—The testatrix provides, by her will, for the payment of her debts and of certain legacies, and gives the remainder of her estate to her husband "in trust, nevertheless, and upon the conditions, and in the manner and form following, that is to say: 1st. It is my will and desire that my said executor shall, upon my decease, cause to be made an inventory of all the real and personal estate that I shall die seized and possessed of, or in which I shall have any interest, and also of all debts which I may then owe, or for which my estate shall be or can be made liable, and of all outstanding liens against such estate, and shall then appraise the net value of the estate, real and personal, and such appraisement shall be final and conclusive, as against any and all of my heirs or representatives or legatees, which may be named in, or who have now or shall hereafter have any interest in my estate, *and for which amount alone shall he hereafter be, in any way, liable or bound to respond.*"

I think that counsel for the executor is correct in claiming that the direction of the testatrix for filing an inventory of the real and personal estate is not one which the Surrogate ought to enforce at the instance of this petitioner.

The object of that provision of the will is apparent upon its face. It is not for the sake of affording persons interested in the estate the means of ascertaining the nature and extent of its assets, but is avowedly for the sole purpose of enabling the executor, by procuring an appraisement of the property, to protect himself in any contingency from liability for any greater sum than the value of the estate as indicated by the appraise-

ment. I think that he may obey or disobey, at his pleasure, the decedent's instructions in this regard, and that the order directing the filing of the inventory should be so modified as to be limited to the personal estate, in respect to which an inventory is required by law to be filed with the Surrogate.